1
2
3
4
5
6
7

SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
JBrophy@Seyfarth.com
Autumn L. Moore (SBN 274209)
AMoore@Seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20

JEFFREY BROWN,

           Plaintiff,

   v.

LOWE'S HOME CENTERS, LLC, a
North Carolina limited liability company;
and DOES 1-50, inclusive,

          Defendants.

Case No. 8:22-cv-1544

(Orange County Superior Court Case
No.: 30-2022-01271057-CU-WTC-NJC)

**DEFENDANT LOWE'S HOME
CENTERS, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT
COURT**

Complaint Filed:  July 20, 2022
Trial Date:            Not Set

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

**Page**

I. BACKGROUND ................................................................................... 1

II. TIMELINESS OF REMOVAL ........................................................... 2

III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ........... 2

IV. FEDERAL QUESTION JURISDICTION EXISTS ............................. 12

V. VENUE ............................................................................................ 12

VI. NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT ....... 13

VII. PRAYER FOR REMOVAL ............................................................... 13

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED
STATES DISTRICT COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Abrego v. The Dow Chem. Co.*,
    443 F.3d 676 (9th Cir. 2006) ...................................................................5

*Ackerman v. Western Elec. Co., Inc.*,
    643 F. Supp. 836 (N.D. Cal. 1986) ..........................................................8

*Armstrong v. Church of Scientology Int'l*,
    243 F.3d 546 (9th Cir. 2000) ...................................................................3

*Behrazfar v. Unisys Corp.*,
    687 F. Supp. 2d 999 (C.D. Cal. 2009) .....................................................6

*Boon v. Allstate Ins. Co.*,
    229 F. Supp. 2d 1016 (C.D. Cal. 2002) ...................................................2

*Cassino v. Reichhold Chemicals, Inc.*,
    817 F.2d 1338 (9th Cir. 1997) .................................................................8

*Conrad Assocs. v. Hartford Accident & Indemnity Co.*,
    994 F. Supp. 1196 (N.D. Cal. 1998) ........................................................6

*Crum v. Circus Circuit Enters.*,
    231 F.3d 1129 (9th Cir. 2000) .................................................................8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    574 U.S. 81, 135 S. Ct. 547 (2014) .........................................................6

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
    325 F.2d 785 (9th Cir. 1963) ...................................................................6

*Fritsch v. Swift Transp.*,
    899 F. 3d 785 (9th Cir. 2018) ................................................................10

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) .........................................................6, 10

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ...................................................................5

iii

*Gibson v. Chrysler Corp.,*
    261 F. 3d 927 (9th Cir. 2001) ............................................................11

*Glenn-Davis v. City of Oakland,*
    No. C 02-2257 SI, 2008 WL 410239 (N.D. Cal. 2008) .......................8

*Guglielmino v. McKee Foods Corp.,*
    506 F.3d 696 (9th Cir. 2007) ...............................................................5

*Hertz Corp. v. Friend,*
    559 U.S. 77, 130 S.Ct. 1181 (2010).....................................................4

*James v. Childtime Childcare, Inc.,*
    No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543 (E.D. Cal. June 1,
    2007) .....................................................................................................8

*Johnson v. Columbia Props. Anchorage, LP,*
    437 F.3d 894 (9th Cir. 2006) ...............................................................3

*Juarez v. Autozone Stores, Inc.,*
    No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18,
    2014) ...................................................................................................11

*Kanter v. Warner-Lambert Co.,*
    265 F.3d 853 (9th Cir. 2001) ...........................................................2, 3

*Korn v. Polo Ralph Lauren Corp.,*
    536 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................6

*Lew v. Moss,*
    797 F.2d 747 (9th Cir. 1986) ...............................................................3

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*
    119 S. Ct. 1322 (1999) . (Moore Decl., Exhibits 1-2.).........................2

*Newcombe v. Adolf Coors Co.,*
    157 F.3d 686 (9th Cir. 1998) ...............................................................5

*Rippee v. Boston Market Corp.,*
    408 F. Supp. 2d 982 (S.D. Cal. 2005)...................................................6

*Sanchez v. Monumental Life Ins. Co.,*
    102 F.3d 398 (9th Cir. 1996) ...............................................................5

iv

*Secru v. Laboratory Corp. of America*,
    No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763 (D. Nev. Nov. 9,
    2009) ..................................................................................................8

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) .............................................................3

*Thompson v. Big Lots Stores, Inc.*,
    No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 (E.D. Cal. 2017)...............9, 11

*Traxler v. Multnomah County*,
    569 F.3d 1007 (9th Cir. 2010) ...........................................................8

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ........................................................5, 6

*Ward v. Cadbury Schweppes Bottling Grp.*,
    09CV03279(DMG), 2011 WL 7447633 (C.D. Cal)................................9

*Washington v. Havensa LLC*,
    652 F.3d 340 (3d Cir. 2011) ..............................................................3

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
    No. B185408, 2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007).........11

*Horsford v. Bd. of Trs. of Cal. State Univ.*,
    132 Cal. App. 4th 359 (2005) ..........................................................10

*Parker v. Twentieth Century-Fox Film Corp.*,
    3 Cal. 3d 176 (1970) .........................................................................7

*Roby v. McKesson Corp.*,
    47 Cal. 4th 686 (2009) .....................................................................11

**Federal Statutes**

28 U.S.C. §§ 84(c)(2), 1441, and 1446(a) ..............................................12

28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446......................................1

28 U.S.C. § 1332(a) ....................................................................6, 11

---

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

28 U.S.C. § 1332(a)(1) ....................................................................2, 5, 12

28 U.S.C. § 1332(c)(1) .........................................................................3, 4

28 U.S.C. § 1367(a) ................................................................................12

28 U.S.C. § 1441(a) ...................................................................2, 5, 12, 13

28 U.S.C. § 1441(b) .................................................................................4

28 U.S.C. § 1446(a) ................................................................................13

28 U.S.C. § 1446(b) .................................................................................2

28 U.S.C. § 1446(d) ...............................................................................13

28 United States Code § 1331 ................................................................12

28 United States Code § 1367 ................................................................12

Family and Medical Leave Act ...........................................................1, 12

Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ..........................12

**State Statutes**

California Family Rights Act ....................................................................1

California Government Code § 12965(b) ................................................10

California's Fair Employment & Housing Act ........................1, 7, 10, 11

Family Medical Leave Act ......................................................................12

**Constitutional Provisions**

United States Constitution Article III ...................................................12

**Other Authorities**

*Aboulafia v. GACN Inc.*,
    No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) ...............9

*Crawford v. DIRECTV, Inc.*,
    No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) ...........10

*Denenberg v. Cal. Dep't of Transp.*,
    No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.)...................11

*Jeffrey Brown v. Lowe's Home Centers, LLC, a North Carolina
    limited liability company; and Does 1 through 50, inclusive*, designated
    as Case No.: 30-2022-01271057-CU-WTC-NJC ...................................1

*Leimandt v. Mega RV Corp.*,
    No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.).............9

*Silverman v. Stuart F. Cooper Inc.*,
    No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.)...............................9

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
    No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.)...............................9

*Welch v. Ivy Hill Corp.*,
    No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.)...............................9

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED
STATES DISTRICT COURT

1
2
3

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JEFFREY BROWN, AND HIS ATTORNEYS OF RECORD:**

4
5
6
7
8
9
10

      **PLEASE TAKE NOTICE** that Defendant LOWE'S HOME CENTERS, LLC ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, based on diversity of citizenship jurisdiction, as well as federal question jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, and states that removal is proper for the following reasons:

11

**I.    BACKGROUND**

12
13
14
15
16

      1.     On July 20, 2022, Plaintiff Jeffrey Brown ("Plaintiff") filed his initial complaint against Lowe's Homes Centers, LLC ("Defendant") in the Superior Court of the State of California, County of Orange, titled, *Jeffrey Brown v. Lowe's Home Centers, LLC, a North Carolina limited liability company; and Does 1 through 50, inclusive*, designated as Case No.: 30-2022-01271057-CU-WTC-NJC.

17
18
19
20
21
22
23

      2.     Plaintiff's Complaint ("Complaint") alleges eight causes of action against Defendant: (1) Disability Discrimination in Violation of California's Fair Employment & Housing Act ("FEHA"); (2) Retaliation in Violation of FEHA; (3) Failure to Prevent Discrimination; (4) Failure to Provide Reasonable Accommodation; (5) Failure to Engage in Interactive Process; (6) Interference with Rights Under California Family Rights Act ("CFRA") and/or Family and Medical Leave Act ("FMLA"); (7) Retaliation in Violation of CFRA and/or FMLA; and (8) Wrongful Termination in Violation of Public Policy.

24
25
26
27

      3.     On July 21, 2022, Defendant received, via personal service through its process server, the Summons; the unverified Complaint; the Notice of Case Management Conference; and the Civil Case Cover Sheet. A true and correct copy of the service packet received by Defendant is attached as **Exhibit 1**.

28

4.      On August 17, 2022, Defendant filed an Answer to the Complaint in Orange County Superior Court. A true and correct copy of Defendant's Answer filed in Orange County Superior Court is attached as **Exhibit 2**.

5.      **Exhibits 1** and **2** constitute all of the pleadings served on Defendant and/or filed by Defendant in the state court action prior to Defendant's filing this Notice of Removal. (Declaration of Autumn L. Moore ["Moore Decl."] ¶¶ 3-6.) Other than a case management conference set for December 22, 2022, there are no pending hearings currently scheduled in the Orange County Superior Court in the state court action. (Moore Decl. ¶ 5.)

## II.   TIMELINESS OF REMOVAL

6.      This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon the moving defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Moore Decl. ¶ 3, Exhibits 1-2.)

## III.  JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

7.      The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

8.      **Plaintiff's Citizenship.** "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile

is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile"). Further, evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

9.     At the time Plaintiff filed this civil action, Plaintiff alleged that he is a resident of the State of California. (Compl., ¶ 1.)  Plaintiff alleges he was hired by Defendant, within the State of California on April 9, 2018, as a Sales Specialist and worked at Defendant's business located at 907 Avenida Pico, San Clemente, CA 92673. (Compl. ¶¶ 2, 6-7.) Plaintiff's home address during the entire time period when he worked for Lowe's Home Centers, LLC was always within the State of California. (Declaration of Grace Ridley ["Ridley Decl."] ¶¶ 6-7.) There are no documents in Plaintiff's personnel file to suggest in any way that he is currently, or during the periods of his employment was, a resident or citizen of any state other than California. (Ridley Decl. ¶ 7.)

10.     **Defendant's Citizenship.** A limited liability company is treated as a partnership for purposes of determining diversity for removal jurisdiction, and citizenship depends on the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

11.      Here, Defendant Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. (Ridley Decl. ¶ 3.)

12.     A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be

the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

13.     Lowe's Companies, Inc. is and was at the time the civil action was instituted a corporation organized under the laws of North Carolina. (Ridley Decl. ¶ 4.)

14.     Further, Lowe's Companies, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Mooresville, North Carolina. (Ridley Decl. ¶ 5.) The majority of Lowe's Companies, Inc.'s executive and administrative functions take place at its headquarters in North Carolina. (*Id*.) All of Lowe's Companies, Inc.'s executives have offices in, and regularly work from, these headquarters. (*Id*.) The functions performed at Lowe's Companies, Inc.'s North Carolina headquarters include the activities of all of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id*.) Lowe's Companies, Inc.'s company-wide policies and procedures are formulated at the North Carolina headquarters. (*Id*.) Lowe's Companies, Inc.'s activities and operations are directed and ultimately controlled from the North Carolina headquarters. (*Id.*) Thus, Defendant Lowe's Companies, Inc., is a citizen of North Carolina, not California.

15.     Accordingly, because Lowe's Companies, Inc., is a citizen of North Carolina, Defendant Lowe's Home Centers, LLC is also a citizen of the State of North Carolina, not California. Thus, the requisite diversity of citizenship exists as to Defendant. *See* 28 U.S.C. § 1332(c)(1).

16.     Further, in compliance with 28 U.S.C. § 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. Thus, the inclusion of "Doe" defendants in

4

Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

17.    **Amount in Controversy.** While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "*more likely than not*" that the amount in controversy exceeds the requisite threshold) (emphasis added).

18.    Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

19.    As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.

81, 87, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant(s) are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

20.     In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. § 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

21.     The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which Defendant vehemently disputes) based on Plaintiff's theory of recovery.

22.     Plaintiff alleges he was hired by Defendant on April 9, 2018 and terminated on October 11, 2021. (Compl. ¶ 6.)  Indeed, Lowe's records indicate that his date of hire was April 9, 2018, and his date of termination was October 11, 2021. (Ridley Decl. ¶ 8.)

6

Lowe's records also indicate that Plaintiff was paid at the straight time rate of $19.12 per hour from the time that he was hired by Lowe's on April 9, 2018 through March 20, 2020; $19.70 per hour from March 21, 2020 through March 19, 2021; and $20.10 per hour from March 20, 2021 through the date of his termination on October 11, 2021. (*Id.*) Throughout the entirety of his employment, Plaintiff often worked approximately eight (8) hours per shift, and was typically scheduled for about four or five shifts per week. (*Id.*)

23. **Compensatory Damages.** In his Complaint, Plaintiff seeks to recover compensatory damages including "special damages, according to proof" for all causes of action in the Complaint. (Compl. Prayer for Relief, No. 2.) Plaintiff vaguely alleges that he "has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial." (Compl. ¶ 18.) Plaintiff's Complaint alleges claims under the FEHA for disability discrimination, retaliation, failure to accommodate, failure to engage in the interactive process, and failure to maintain a workplace free from discrimination and retaliation. Under the FEHA, a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

24. As noted, Plaintiff last worked for Lowe's as a Sales Specialist (Appliances), earning $20.10 per hour, plus overtime pay, and averaged approximately 66.59 hours per bi-weekly pay period in 2021, which is the last year in which he performed work for Lowe's (Ridley Decl. ¶ 8.) Conservatively estimating a July 2023 trial date (twelve months after the Complaint was filed), Plaintiff's lost past wages would amount to

approximately $60,899.79, twenty-one months between when Plaintiff was terminated and trial.[1]

25.     In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

26.     An award of three years of front pay would entitle Plaintiff to more than $104,399.64 in additional recovery.[2] *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's alleged lost wages total **$165,299.43**, definitively establishing the amount in controversy requirement.

27.     **Emotional Distress Damages.** In addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 19, 26, 34, 41, 48, 56, 65 and Prayer for Relief, No. 1.) In particular, Plaintiff claims that as a result of the "wrongful

---

[1] $20.10 per hour x 66.59 hours per pay period x 26 pay periods = $34,799.93 annually or $2,899.99 monthly; $2,899.99 x 21 months = $60,899.79.
[2] $2,899.99 x 36 months.

acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial." (Compl. ¶ 19.) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination. *Id.*

28.     In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g., Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); W*ard v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to

9

employee in an discrimination case). These awards demonstrate that, for diversity purposes, the alleged value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

29.     **Attorney's Fees.** Plaintiff also claims statutory entitlement to attorney's fees. (Compl. ¶¶ 20, 27, 35, 42, 49, 58, 67, and Prayer for Relief, No. 6.) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt, supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees through trial. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts five FEHA claims against Defendant in the Complaint. (Compl. First through Fifth Causes of Action.)

30.     Defendant anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Moore Decl. ¶ 7.) Here, if Plaintiff prevails, he could be entitled to an award of attorneys' fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, Courts have awarded attorneys' fees in excess of $75,000 in cases involving discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool*

*Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case).

31.   **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl. ¶¶ 21, 28, 36, 43, 50, 59, 68, 72, and Prayer for Relief, No. 3.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson, supra*, 2017 WL 590261 at *4.

32.   Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged discrimination and retaliation cases. *See, e.g., Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in discrimination case); *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in retaliation case).

33.   In sum, Plaintiff's aggregated recovery on his claims, including compensatory damages such as lost wages and emotional distress damages, attorney's fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant vehemently denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

34.   Because diversity of citizenship exists between Plaintiff and the named Defendant, and the matter in controversy between the Parties exceeds $75,000, this Court

11

has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

## IV. FEDERAL QUESTION JURISDICTION EXISTS

35.     Plaintiff's Complaint alleges causes of action for violation of the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") (Compl. ¶¶ 51-68.) Specifically, Plaintiff alleges that he suffers serious health conditions and needed medical leave following surgeries for "Dupuytren's contracture" and "spinal fusion surgery." (Compl. ¶¶ 8, 10.) Based on these allegations, Plaintiff alleges that he was "entitled to protected leave" under the "Family Medical Leave Act." (Compl. ¶¶ 52, 61.)

36.     Pursuant to 28 United States Code section 1331, Plaintiff's lawsuit is a "civil action arising under" the "laws [] of the United States," namely, the FMLA, and this Court has jurisdiction over Plaintiff's lawsuit.

37.     Pursuant to 28 United States Code section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to the federal district court where the action is pending. Accordingly, Defendant's removal of Plaintiff's lawsuit to this Court is proper. 28 U.S.C. § 1441(a).

38.     To the extent Plaintiff's Complaint alleges state statutory and common law claims, this Court has supplemental jurisdiction over any such claims pursuant to 28 United States Code section 1367 because those claims arise out of the same operative facts as Plaintiff's claim under FMLA and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## V. VENUE

39.     Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Orange. In addition, the action arose in the County of Orange. (Complaint, ¶¶ 2, 6.) Therefore,

12

venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI. NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

40. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Orange.

41. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

42. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits 1 and 2**. (Moore Decl. ¶¶ 3-6.)

## VII. PRAYER FOR REMOVAL

Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Orange to the United States District Court for the Central District of California.

DATED: August 18, 2022          Respectfully submitted,

                                SEYFARTH SHAW LLP


                                By:/s/ *Autumn L. Moore*
                                   Jonathan L. Brophy
                                   Autumn L. Moore
                                   Attorneys for Defendant
                                   LOWE'S HOME CENTERS, LLC

13

# EXHIBIT 1

EXHIBIT 1 - Page 1



# Notice of Service of Process

**LDD / ALL**
**Transmittal Number: 25261513**
**Date Processed: 07/22/2022**

**Primary Contact:**      Heather McClow
Lowe's Companies, Inc.
1000 Lowes Blvd
Mooresville, NC 28117-8520

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number  2515365 |
| **Entity Served:** | Lowe's Home Center, LLC |
| **Title of Action:** | Jeffrey Brown vs. Lowe's Home Centers, LLC |
| **Matter Name/ID:** | Jeffrey Brown vs. Lowe's Home Centers, LLC (12595983) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Orange County Superior Court, CA |
| **Case/Reference No:** | 30-2022-01271057-CU-WT-NJC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/21/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Brock & Gonzales, LLP<br>310-294-9595 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically Filed by Superior Court of California, County of Orange, 07/20/2022 02:46:00 PM.
30-2022-01271057-CU-WT-NJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOWE'S HOME CENTERS, LLC; a North Carolina limited liability company;
and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEFFREY BROWN, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Orange County Superior Court<br>North Justice Center<br>1275 North Berkeley Avenue<br>Fullerton, CA 92832 | 30-2022-01271057-CU-WT-NJC<br>Judge Glenn Salter |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045 (310) 294-9595

DATE: 07/20/2022    DAVID H. YAMASAKI, Clerk of the Court    Clerk, by _K. Trent_, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* LOWES HOME CENTER, LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically Filed by Superior Court of California, County of Orange, 07/20/2022 02:46:40 PM.
30-2022-01271057-CU-WT-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
D. AARON BROCK, STATE BAR NO. 241919

**Attorneys for Plaintiff**
Jeffrey Brown

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

**Assigned for All Purposes**

|  |  |
|---|---|
| JEFFREY BROWN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC; a North Carolina limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:       Judge Glenn Salter<br>30-2022-01271057-CU-WT-NJC<br><br>**PLLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) DISABILTY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>**(2) RETALIATION IN VIOLATION OF THE FEHA;**<br>**(3) FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**<br>**(4) FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**<br>**(5) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**<br>**(6) INTERFERENCE WITH CFRA AND/OR FMLA RIGHTS;**<br>**(7) RETALIATION IN VIOLATION OF THE CFRA AND/OR THE FMLA; and**<br>**(8) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT FOR DAMAGES

1    Plaintiff, JEFFREY BROWN, hereby brings his employment complaint, demanding a
2    trial by jury, against the above-named Defendants and states and alleges as follows:

**THE PARTIES**

3

4    1.   At all times mentioned herein, Plaintiff, JEFFREY BROWN, was an individual and a
5    resident of the State of California.

6    2.   At all times mentioned herein, Defendant LOWE'S HOME CENTERS, LLC was a
7    North Carolina limited liability company doing business as in the State of California, County of
8    Orange, at 907 Avenida Pico, San Clemente, California 92673. At the time the causes of action
9    arose, Defendants LOWE'S HOME CENTERS, LLC and/or DOES 1 through 50 were Plaintiff's
10   employer(s).

11   3.   The true names and capacities, whether individual, corporate, associate or otherwise
12   of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said
13   fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe
14   defendant is legally responsible in some manner for the events referred to in this Complaint, is
15   either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or
16   otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the
17   future seek leave of this court to show the true names and capacities of these Doe defendants
18   when it has been ascertained.

19   4.   Plaintiff is informed and believes, and based thereon alleges, that each defendant
20   acted in all respects pertinent to this action as the agent of the other defendants, carried out a
21   joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each
22   defendant are legally attributable to the other defendants.

23   5.   Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or
24   Defendants shall refer to all Defendants, and each of them.

**THE ALLEGATIONS**

25

26   6.   Plaintiff worked for Defendant from on or about April 9, 2018 until Defendant
27   wrongfully terminated his employment on or about October 11, 2021.

28

2

**COMPLAINT FOR DAMAGES**

EXHIBIT 1 - Page 5

BROCK&
GONZALES
B&G

1    7.   Plaintiff worked for Defendant in the position of Sales Specialist. At all times,
2    Plaintiff was a good employee.

3    8.   During Plaintiff's employment with Defendant, Plaintiff had to take two leave of
4    absences, each for approximately 30 days, to undergo and recover from separate surgeries to his
5    hands, due to the disability of Dupuytren's contracture. One leave was in or around June 2020.
6    The other leave was in or around August 2021.

7    9.   Plaintiff is informed and believes, and based thereon alleges, that Defendant was
8    frustrated by Plaintiff's need for leave to have surgery, and his resulting need for unpaid leave of
9    absences as reasonable accommodation for his disability.

10   10.  Unfortunately, in or around October 2021, Plaintiff was informed that he needed to
11   undergo spinal fusion surgery, due to the disability of spinal stenosis. On or about October 8,
12   2021, Plaintiff informed Defendant of his need for surgery, which Plaintiff informed Defendant
13   was scheduled for on or about November 8, 2021, and that he had work restrictions of no lifting
14   more than 20 pounds until his surgery. Plaintiff also informed Defendant and that he would need
15   the reasonable accommodation of an unpaid leave of absence following his surgery to recover.

16   11.  Three days later, Defendant terminated Plaintiff's employment, purportedly for
17   "performance," based on a stale incident that occurred months before.

18   12.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's reason
19   for Plaintiff's termination is false and/or pretext. Plaintiff is informed and believes, and based
20   thereon alleges, that Defendant failed to accommodate Plaintiff's disabilities, and/or terminated
21   Plaintiff's employment on account of Plaintiff's disabilities and/or because of Plaintiff's need for
22   reasonable accommodation/protected leave due to his disabilities.

23                              **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24   13.  On July 17, 2022, Plaintiff filed charges with the California Department of Fair
25   Employment and Housing ("DFEH"). That same day, the DFEH closed Plaintiff's case to allow
26   Plaintiff to pursue his civil remedies under FEHA and issued Plaintiff a "Right-To-Sue" letter.
27   This Complaint is timely filed pursuant to that letter.

28
                                              3
                              **COMPLAINT FOR DAMAGES**

1      **FIRST CAUSE OF ACTION**

2      **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA**

3      **(Against ALL Defendants)**

4      14.  Plaintiff restates and incorporates by this reference as if fully set forth herein

5 paragraphs 1 through 13 of this Complaint.

6      15.  At all times herein mentioned, California Government Code § 12940 et seq., FEHA,

7 was in full force and effect and was binding on Defendants, as Defendants regularly employed

8 five or more persons.

9      16.  California Government Code § 12940(a) requires Defendants to refrain from

10 discriminating against any employee on the basis of disability.

11      17.  Defendants discriminated against Plaintiff on account of his disability in violation of

12 the FEHA.

13      18.  As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

14 actual, consequential and incidental financial losses, including without limitation, loss of salary

15 and benefits, and the intangible loss of employment related opportunities in his field and damage

16 to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

17 claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or

18 any other provision of law providing for prejudgment interest.

19      19.  As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

20 continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

21 as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon

22 alleges, that he will continue to experience said physical and emotional suffering for a period in

23 the future not presently ascertainable, all in an amount subject to proof at the time of trial.

24      20.  As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

25 hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur

26 attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees

27 and costs under California Government Code § 12965(b).

28

4

**COMPLAINT FOR DAMAGES**

EXHIBIT 1 - Page 7

BROCK&
GONZALES

21.  The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**SECOND CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

22.  Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 21 of this Complaint.

23.  At all times herein mentioned, the FEHA was in full force and effect and were binding on Defendants, as Defendant regularly employed five or more persons. The FEHA makes it unlawful for any person to retaliate against an employee who has engaged in a protected activity, which includes requesting reasonable accommodation such as a finite leave of absence.

24.  The conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

25.  As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288

5

**COMPLAINT FOR DAMAGES**

EXHIBIT 1 - Page 8

BROCK&
GONZALES
B&G

1  and/or any other provision of law providing for prejudgment interest.

2      26. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

3  continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

4  as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon

5  alleges that he will continue to experience said physical and emotional suffering for a period in

6  the future not presently ascertainable, all in an amount subject to proof at the time of trial.

7      27. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

8  hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur

9  attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees

10  and costs under California Government Code § 12965(b).

11      28. The actions taken against Plaintiff were carried out and ratified by officers and

12  managers of Defendants. In addition, Defendants had in place policies and procedures that

13  specifically prohibited retaliation and required Defendants' managers, officers, and agents to

14  prevent retaliation. However, Defendants chose to consciously and willfully ignore said policies

15  and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive,

16  and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by

17  each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified,

18  and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be

19  awarded exemplary and punitive damages against each Defendant in an amount to be established

20  that is appropriate to punish each Defendant and deter others from engaging in such conduct in

21  the future.

22  **THIRD CAUSE OF ACTION**

23  **FAILURE TO PREVENT IN VIOLATION OF THE FEHA**

24  **(Against ALL Defendants)**

25      29. Plaintiff restates and incorporates by this reference as if fully set forth herein

26  paragraphs 1 through 28 of this Complaint.

27      30. At all times mentioned herein, California Government Code Sections 12940, et seq.,

28

6

**COMPLAINT FOR DAMAGES**

1  including but not limited to Sections 12940 (j) and (k), were in full force and effect and were

2  binding upon Defendants and each of them.  These sections impose on an employer a duty to

3  take immediate and appropriate corrective action to investigate end discrimination and retaliation

4  and take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

5      31.  Defendants failed to take immediate and appropriate corrective action to end the

6  discrimination and retaliation.

7      32.  In failing and/or refusing to take immediate and appropriate corrective action to end

8  the discrimination and retaliation, and in failing and/or refusing to take and or all reasonable

9  steps necessary to prevent discrimination, harassment and retaliation from occurring, Defendants

10  violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as

11  set forth above.

12      33.  As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

13  has suffered actual, consequential and incidental financial losses, including without limitation,

14  loss of salary and benefits, and the intangible loss of employment related opportunities in his

15  field and damage to his professional reputation, all in an amount subject to proof at the time of

16  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

17  and/or any other provision of law providing for prejudgment interest.

18      34.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

19  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

20  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

21  believes and thereupon alleges that he will continue to experience said physical and emotional

22  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

23  at the time of trial.

24      35.  As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

25  hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur

26  attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees

27  and costs under California Government Code § 12965(b).

28

7

**COMPLAINT FOR DAMAGES**

36.  The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures to prevent discrimination and retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FOURTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

37.  Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 36 of this Complaint.

38.  At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.  The FEHA imposes upon employers certain affirmative duties when confronted with an employee who has a disability.

39.  Defendants failed to fulfill their affirmative duty to reasonably accommodate Plaintiff.  Defendants' actions were in direct contravention of the FEHA.

40.  Plaintiff alleges that with reasonable accommodations he could have fully performed all duties and functions of his job in an adequate, satisfactory and/or outstanding manner.

41.  As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to his damage in an amount according to proof.

8

**COMPLAINT FOR DAMAGES**

42. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

43. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures to accommodate the disability of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FIFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

44. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 43 of this Complaint.

45. The FEHA makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

46. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to accommodate his known disability in violation of the FEHA.

47. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other

9

**COMPLAINT FOR DAMAGES**

1   employment benefits in an amount according to proof at the time of trial.

2       48.  As a direct and legal result of Defendants' discriminatory actions herein referenced,

3   Plaintiff has suffered and continues to suffer general and special damages including but not

4   limited to substantial losses in earnings, other employment benefits and emotional distress, all to

5   his damage in an amount according to proof.

6       49.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

7   has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected

8   to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

9   recover attorneys' fees and costs under California Government Code § 12965(b).

10      50.  The actions taken against Plaintiff were carried out and ratified by officers and

11  managers of Defendants. In addition, Defendants had in place policies and procedures that

12  specifically required it to engage in the interactive process to accommodate the disabilities of its

13  employees. However, Defendants chose to consciously and willfully ignore said policies and

14  procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and

15  was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

16  Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified,

17  and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

18  awarded exemplary and punitive damages against each Defendant in an amount to be established

19  that is appropriate to punish each Defendant and deter others from engaging in such conduct in

20  the future.

21                          **SIXTH CAUSE OF ACTION**

22              **INTERFERENCE WITH CFRA AND/OR FMLA RIGHTS**

23                          **(Against ALL Defendants)**

24      51.  Plaintiff restates and incorporates by this reference as if fully set forth herein

25  paragraphs 1 through 50 of this Complaint.

26      52.  All relevant times herein, Plaintiff was entitled to protected leave under the FEHA,

27  which includes the CFRA, Government Code §12945.2 et seq., as well as the Family Medical

28

10

**COMPLAINT FOR DAMAGES**

1  Leave Act ("FMLA").

2      53. It is unlawful for an employer to interfere with, restrain, or deny the exercise of or

3  the attempt to exercise, any right under the CFRA/FMLA.

4      54. Defendant violated Plaintiff's CFRA/FMLA rights by interfering with those rights.

5      55. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

6  has suffered actual, consequential and incidental financial losses, including without limitation,

7  loss of salary and benefits, and the intangible loss of employment related opportunities in his

8  field and damage to his professional reputation, all in an amount subject to proof at the time of

9  trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

10  and/or any other provision of law providing for prejudgment interest. Plaintiff claims such

11  amounts as damages pursuant to 29 USC § 2617(a)(1)(A)(i)(I); 29 CFR § 825.400(c), and/or any

12  other provision of law providing for prejudgment interest, as well as reinstatement to his old

13  position.

14      56. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

15  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

16  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

17  believes and thereupon alleges that he will continue to experience said physical and emotional

18  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

19  at the time of trial.

20      57. Further, Defendant's interference with Plaintiff's FMLA rights was not in good faith;

21  therefore, Plaintiff may recover, as liquidated damages, an additional amount equal to the entire

22  award of lost wages, benefits, etc., and interest. (29 USC § 2617(a)(1)(A)(iii); 29 CFR §

23  825.400(c).)

24      58. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

25  has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected

26  to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

27  recover attorneys' fees and costs under California Government Code § 12965(b) and/or under 29

28

11

**COMPLAINT FOR DAMAGES**

BROCK&
GONZALES
B&G

1   USC § 2617(a)(3) and 29 CFR § 825.400(c).

2       59.   The actions taken against Plaintiff were carried out and ratified by officers and

3   managers of Defendants. In addition, Defendant had in place policies and procedures to grant

4   protected leave. However, Defendants chose to consciously and willfully ignore said policies and

5   procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and

6   was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

7   Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified,

8   and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

9   awarded exemplary and punitive damages against each Defendant in an amount to be established

10  that is appropriate to punish each Defendant and deter others from engaging in such conduct in

11  the future.

## SEVENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE CFRA AND/OR THE FMLA

#### (Against ALL Defendants)

15      60.   Plaintiff restates and incorporates by this reference as if fully set forth herein

16  paragraphs 1 through 59 of this Complaint.

17      61.   All relevant times herein, Plaintiff was entitled to protected leave under the FEHA,

18  which includes the CFRA, Government Code §12945.2 et seq. as well as the Family Medical

19  Leave Act ("FMLA").

20      62.   It is unlawful for an employer to retaliate against an employee for wanting to take

21  and/or for taking CFRA/FMLA leave.

22      63.   Defendant violated Plaintiff's CFRA/FMLA rights by retaliating against Plaintiff for

23  taking CFRA/FMLA leave.

24      64.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

25  has suffered actual, consequential and incidental financial losses, including without limitation,

26  loss of salary and benefits, and the intangible loss of employment related opportunities in his

27  field and damage to his professional reputation, all in an amount subject to proof at the time of

12

**COMPLAINT FOR DAMAGES**

1  trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

2  and/or any other provision of law providing for prejudgment interest.

3      65.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

5  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

6  believes and thereupon alleges that he will continue to experience said physical and emotional

7  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

8  at the time of trial. Plaintiff claims such amounts as damages pursuant to 29 USC §

9  2617(a)(1)(A)(i)(I); 29 CFR § 825.400(c), and/or any other provision of law providing for

10  prejudgment interest, as well as reinstatement to his old position.

11      66.   Further, Defendant's interference with Plaintiff's FMLA rights were not in good

12  faith; therefore, Plaintiff may recover, as liquidated damages, an additional amount equal to the

13  entire award of lost wages, benefits, etc., and interest. (29 USC § 2617(a)(1)(A)(iii); 29 CFR §

14  825.400(c).)

15      67.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

16  has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected

17  to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

18  recover attorneys' fees and costs under California Government Code § 12965(b) and/or 29 USC

19  § 2617(a)(3) and 29 CFR § 825.400(c).

20      68.   The actions taken against Plaintiff were carried out and ratified by officers and

21  managers of Defendants. In addition, Defendant had in place policies and procedures to prohibit

22  retaliation. However, Defendants chose to consciously and willfully ignore said policies and

23  procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and

24  was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

25  Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified,

26  and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

27  awarded exemplary and punitive damages against each Defendant in an amount to be established

28

13

**COMPLAINT FOR DAMAGES**

1   that is appropriate to punish each Defendant and deter others from engaging in such conduct in

2   the future.

### EIGHTH CAUSE OF ACTION

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against ALL Defendants)**

6   69.   Plaintiff restates and incorporates by this reference as if fully set forth herein

7   paragraphs 1 through 68 of this Complaint.

8   70.   At all times mentioned, the public policy of the State of California, as codified,

9   expressed and mandated in the FEHA, the CFRA/FMLA is to prohibit employers from

10   discriminating and retaliating against any individual for engaging in protected activities. These

11   public policies of the State of California are designed to protect all employees and to promote the

12   welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and

13   each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful

14   and in contravention of the express public policy of the State of California and the laws and

15   regulations promulgated thereunder.

16   71.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

17   has suffered actual, consequential and incidental financial losses, including without limitation,

18   loss of salary and benefits, and the intangible loss of employment related opportunities in his

19   field and damage to his professional reputation, all in an amount subject to proof at the time of

20   trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

21   and/or any other provision of law providing for prejudgment interest.

22   72.   The actions taken against Plaintiff were carried out and ratified by officers and

23   managers of Defendants. In addition, Defendant had in place policies and procedures that

24   specifically prohibited discrimination and retaliation based on a disability and required

25   Defendant's managers, officers, and agents to prevent discrimination and retaliation against and

26   upon employees of Defendant.  However, Defendants chose to consciously and willfully ignore

27   said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,

14

**COMPLAINT FOR DAMAGES**

BROCK&
GONZALES
B&G

oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.  For general damages in an amount within the jurisdictional limits of this Court;

2.  For special damages, according to proof;

3.  For punitive damages;

4.  For medical expenses and related items of expense, according to proof;

5.  For loss of earnings, according to proof;

6.  For attorney's fees, according to proof;

7.  For prejudgment interest, according to proof;

8.  For costs of suit incurred herein;

9.  For declaratory relief;

10. For injunctive relief;

11. For liquidated damages;

12. For reinstatement; and

13. For such other relief and the Court may deem just and proper.

///

///

///

///

///

///

15

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:   July 18, 2022                    BROCK & GONZALES, LLP

By:   _D. Aaron Brock_____

D. AARON BROCK

Attorneys for Plaintiff

---

16
**COMPLAINT FOR DAMAGES**

EXHIBIT 1 - Page 19

# EXHIBIT 2

EXHIBIT 2 - Page 1



Home     eFiling Center     Official Forms     Products     About Us     Support     Contact Us

| Step 1.<br>Court Information | Step 2.<br>Parties<br>Information | Step 3.<br>Attach Document | Step 4.<br>EService | Step 5.<br>Fee Information | Step 6.<br>Payment<br>Information | Step 7.<br>Review Filing | Step 8.<br>Confirm<br>Submission |
|---|---|---|---|---|---|---|---|

**Brown vs. Lowe's Home Centers, LLC : Civil - Unlimited : Wrongful Termination : North Justice Center**

**Confirm Submission**

Thank you for using eFiling Portal's eFiling Service.

|  |  |
|---|---|
| Date: | 8/17/2022 |
| Time: | 12:00 PM |
| Filing disposition: | Received |
| Court Transaction Number: | 41373132 |
| Message: | This Electronic Filing has been received by the Court and has passed technical validations. |

Copyright © 2022 Nationwide Legal, LLC. All rights reserved.

EXHIBIT 2 - Page 2

1   SEYFARTH SHAW LLP
    Jonathan L. Brophy (SBN 245223)
2   JBrophy@Seyfarth.com
    Autumn L. Moore (SBN 274209)
3   AMoore@Seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California 90067-3021
    Telephone:     (310) 277-7200
5   Facsimile:     (310) 201-5219

6   Attorneys for Defendant
    LOWE'S HOME CENTERS, LLC

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                COUNTY OF ORANGE

10

11

12  JEFFREY BROWN,                          Case No. 30-2022-01271057-CU-WTC-NJC

13              Plaintiff,                   Judge Glenn Salter, Dept. N06

14       v.                                 **DEFENDANT LOWE'S HOME CENTERS,
                                             LLC'S ANSWER TO PLAINTIFF'S
15  LOWE'S HOME CENTERS, LLC, a North       UNVERIFIED COMPLAINT**
    Carolina limited liability company; and DOES 1-
16  50, inclusive,

17              Defendants.                  Complaint Filed:  July 20, 2022

18

19

20

21

22

23

24

25

26

27

28

Defendant LOWE'S HOME CENTERS, LLC ("Defendant") hereby answers the unverified Complaint of Plaintiff Jeffrey Brown ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, Defendant asserts the following separate defenses without assuming any burden of production or proof that it would not otherwise have.

## FIRST DEFENSE

### (Lack of Jurisdiction - Arbitration Agreement)

1.      By virtue of the fact that Plaintiff entered into an agreement to arbitrate that encompasses all claims alleged in the Complaint, his claims are barred by his contractual agreement to arbitrate. Plaintiff's failure to submit his claims to arbitration bars the present action, and this Court does not have jurisdiction over the action. Defendant expressly reserves and does not waive its right to compel arbitration.

## SECOND DEFENSE

### (Failure to State a Cause of Action)

2.      Plaintiff's Complaint and each and every cause of action purported to be alleged therein fails to state facts sufficient to constitute a cause of action.

## THIRD DEFENSE

### (Statutes of Limitation)

3.      Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 335.1, 338(a), 339, 340, 343; California Government Code sections 12960 and 12965; and California Labor Code section 132a.

2

1

### FOURTH DEFENSE

2

### (Estoppel)

3      4.      Plaintiff's Complaint and each and every cause of action purported to be alleged therein

4  is barred in whole or in part by judicial, equitable and/or collateral estoppel.

5

### FIFTH DEFENSE

6

### (Unclean Hands)

7      5.      Plaintiff's Complaint and each and every cause of action purported to be alleged therein

8  is barred, to the extent Plaintiff has unclean hands.

9

### SIXTH DEFENSE

10

### (Failure to Exhaust Administrative Remedies)

11      6.      Plaintiff's causes of action for violation of the California Fair Employment and Housing

12  Act, and any other causes of action requiring administrative exhaustion, are barred to the extent Plaintiff

13  has failed to exhaust his administrative remedies pursuant to California Government Code sections

14  12960, 12965, and all other applicable laws.

15

### SEVENTH DEFENSE

16

### (After-Acquired Evidence)

17      7.      Plaintiff's causes of action are barred and/or his claims for damages are limited, to the

18  extent he engaged in any fraud or misconduct of which his employer was unaware until after Plaintiff's

19  employment with Lowe's Home Centers, LLC ended, and which, if known, would have caused Plaintiff

20  to be terminated or not hired in the first place.

21

### EIGHTH DEFENSE

22

### (Failure to Mitigate Damages)

23      8.      Plaintiff is not entitled to back pay and/or other damages for any cause of action

24  purported to be alleged in his Complaint to the extent he failed to seek and obtain other employment or

25  otherwise failed to mitigate his alleged loss of wages, alleged emotional distress or other alleged

26  damages.

27

28

DEFENDANT LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## NINTH DEFENSE

2

### (Workers' Compensation Act Preemption)

3    9.    The exclusive remedy for Plaintiff's claim for damages for mental and/or emotional

4    and/or physical injuries arising out of Plaintiff's employment is provided by the California Workers'

5    Compensation Act, California Labor Code sections 3200, *et seq*.

6

## TENTH DEFENSE

7

### (Failure to Take Advantage of Preventative/Corrective Opportunities/Avoidable Consequences)

8    10.    Defendant exercised reasonable care to prevent and correct any unlawfully discriminatory

9    or retaliatory workplace conduct allegedly experienced by Plaintiff.  Plaintiff unreasonably failed to take

10   advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm

11   otherwise, and/or Plaintiff's reasonable use of such procedures would have prevented all, or part, of the

12   harm allegedly suffered by Plaintiff.  Accordingly, Plaintiff's claims are barred or, alternatively, his

13   relief limited.

14

## ELEVENTH DEFENSE

15

### (Legitimate Business Reasons/Mixed-Motive)

16   11.    To the extent that Plaintiff demonstrates his protected status or any protected activity was

17   a substantial motivating factor for any challenged employment action, his employer's actions were based

18   on legitimate, non-discriminatory and non-retaliatory reasons, and his employer would have taken the

19   same action absent the substantial motivating factor.  As a result, the court may not award Plaintiff

20   damages, back pay, or order reinstatement.  *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 211 (2013).

21

## TWELFTH DEFENSE

22

### (Not A Substantial Motivating Factor)

23   12.    Plaintiff's Complaint, and each claim alleged therein, are barred because his alleged

24   disability, FMLA or CFRA leave, or other purported protected conduct or protected characteristic(s),

25   were not substantial motivating factors for any of the  conduct or decisions concerning Plaintiff's

26   employment with Lowe's Home Centers, LLC, and his employer would have taken the legitimate action

27   it did irrespective of Plaintiff's alleged disability, or purported protected conduct or protected

28   characteristic(s).

**THIRTEENTH DEFENSE**

**(Offset)**

13.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed with Lowe's Home Centers, LLC under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

**FOURTEENTH DEFENSE**

**(Consent & Waiver)**

14.     Any recovery on Plaintiff's Complaint, or any purported cause of action and/or claim alleged therein, is barred by the doctrines of consent and waiver because of Plaintiff's own conduct.

**FIFTEENTH DEFENSE**

**(Ratification)**

15.     Plaintiff's Complaint, and each and every cause of action alleged therein, is barred to the extent that Plaintiff ratified Defendant's alleged actions.

**SIXTEENTH DEFENSE**

**(Lack of Causation)**

16.     Plaintiff's alleged injuries and/or damages, if any, were not proximately caused by the acts or omissions of Defendant, and any injury and/or damages that Plaintiff alleges he suffered, if any, resulted from a cause or causes not legally or proximately related to any act or omission of Defendant. Further, to the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**SEVENTEENTH DEFENSE**

**(Managerial Discretion)**

17.     Any and all conduct of which Plaintiff complains, or which is attributable to Defendant, was a just and proper exercise of managerial discretion, at all times privileged and justified, undertaken for fair and honest business reasons or belief, in good faith and without malice, and cannot form the basis of a valid damages claim.

5

1

**EIGHTEENTH DEFENSE**

2

**(Outside Course and Scope of Agency or Employment)**

3       18.       Plaintiff's Complaint, and each purported cause of action contained therein, is barred

4   because any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or

5   employees were outside the course and scope of their authority and such acts, if any, were not

6   authorized, ratified, or condoned by Defendant, nor did Defendant know nor should have Defendant

7   known of such acts. Thus, Defendant is not liable for any such conduct, if it occurred, and Plaintiff

8   cannot recover against Defendant for any loss, damages, or legal detriment so caused or so enhanced.

9

**NINETEENTH DEFENSE**

10

**(Prompt Remedial Action)**

11      19.       To the extent that Plaintiff complained of any unlawful conduct, prompt remedial action

12  was taken.

13

**TWENTIETH DEFENSE**

14

**(Accord & Satisfaction / Release)**

15      20.       To the extent Plaintiff agreed to release his claims or damages alleged in the Complaint,

16  such claims and damages are barred by the release.

17

**TWENTY-FIRST DEFENSE**

18

**(At-Will Employment)**

19      21.       Plaintiff's Complaint is barred, in part, because his employment was at all times at-will.

20

**TWENTY-SECOND DEFENSE**

21

**(Contribution By Plaintiffs' Own Acts)**

22      22.       If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant

23  denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by

24  Plaintiff's own acts, omissions, and/or failures to act.

25

**TWENTY-THIRD DEFENSE**

26

**(Laches)**

27      23.       Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because

28  Plaintiff delayed unreasonably in bringing his claims.

**TWENTY-FOURTH DEFENSE**

**(Failure To Qualify For Or Comply With CFRA / FMLA)**

24.     Plaintiff's claims are barred in whole or in part to the extent Plaintiff did not qualify for leave, or comply with the prerequisites for taking leave, and/or his employer was not put on notice that such leave was for a CFRA / FMLA reason. *Cal. Gov't Code section* 12945.2, *et seq.*

**TWENTY-FIFTH DEFENSE**

**(CFRA / FMLA Leave Provided)**

25.     Plaintiff's claims are barred in whole or in part to the extent that his employer  provided Plaintiff with a leave of absence pursuant to the provisions of the California Family Rights Act and/or the Family Medical Leave Act. *Cal. Gov't Code* section 12945.2, *et seq.*

**TWENTY-SIXTH DEFENSE**

**(Punitive Damages Unconstitutional)**

26.     Although Defendant denies it committed or have responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

**TWENTY-SEVENTH DEFENSE**

**(Failure To State A Claim For Relief For Punitive Damages)**

27.     Plaintiff is not entitled to recover any punitive, double or exemplary damages against Defendant and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code section 3294(a).

**TWENTY-EIGHTH DEFENSE**

**(No Punitive Damages Contrary To Policies)**

28.     Plaintiff is not entitled to recover any punitive damages for decisions or actions that are or were contrary to the policies that his employer instituted in good faith against wrongful or unlawful conduct.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-NINTH DEFENSE

### (Undue Hardship)

29.     To the extent that Plaintiff requested accommodations that were not reasonable or would cause undue hardship, and thus were not required, Plaintiff's claims fail.

## THIRTIETH DEFENSE

### (Unable To Perform Essential Functions)

30.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff, because of a purported physical or mental disability, was unable to perform the essential duties of his position with or without reasonable accommodations.

## THIRTY-FIRST DEFENSE

### (Health & Safety Of Others)

31.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff could not perform the essential duties of his position in a manner that would not endanger the employee's health or safety or the health or safety of others, even with reasonable accommodations.

## THIRTY-SECOND DEFENSE

### (Not Disabled)

32.     Plaintiff's Complaint, in whole or in part, is barred to the extent that he is not a qualified individual with a disability.

## THIRTY-THIRD DEFENSE

### (Actions In Accordance With Applicable Law And Employer Policies)

33.     If Defendant engaged in the acts complained of in the Complaint, which Defendant denies, then such acts were privileged, justified, and/or taken in accordance with applicable law and/or Defendant's policies and procedures including but not limited to disability accommodation policies.

## THIRTY-FOURTH DEFENSE

### (Failure To Engage In An Interactive Process)

34.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to participate in good faith, or at all, in an interactive process with Plaintiff regarding his purported need for a reasonable accommodation for his alleged disability.

8

### THIRTY-FIFTH DEFENSE

### (Failure To Comply With The Employer's Directions)

35.     Plaintiff's Complaint is barred to the extent that he failed to comply with the directions of his employer concerning the service for which he was engaged and such obedience to these directions was neither impossible nor unlawful and would not impose new and unrealistic burdens.

### THIRTY-SIXTH DEFENSE

### (Adequate Legal Remedy)

36.     Plaintiff's request for injunctive relief is improper because Plaintiff has an adequate remedy at law.

### ADDITIONAL DEFENSES

37.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, separate defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by his Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.     That Defendant be awarded reasonable attorney's fees according to proof;

4.     That Defendant be awarded the costs of suit incurred herein; and

5.     That Defendant be awarded such other and further relief as the Court may deem appropriate.

1    DATED: August 17, 2022                    Respectfully submitted,

2                                              SEYFARTH SHAW LLP

3

4                                              By: _____

5                                                  Jonathan L. Brophy
                                                   Autumn L. Moore
6                                                  Attorneys for Defendant
                                                   LOWE'S HOME CENTERS, LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
85418787v.1                                    44                              EXHIBIT 2 - Page 12

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA         )
                              )   SS

3

COUNTY OF LOS ANGELES    )

4

     I am a resident of the State of California, over the age of eighteen years, and not a party to the

5

within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On **August 17, 2022**, I served the within document(s):

6

     **DEFENDANT LOWE'S' HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

7

8

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

9

☐ by placing the document(s) listed above in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

10

11

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

12

13

BROCK & GONZALES                Tel.: (310) 294-9595
D. Aaron Brock, Esq.                Email: ab@brockgonzales.com

14

6701 Center Drive West
Suite 610                          *Attorneys for Plaintiff,*

15

Los Angeles, CA 90045          *JEFFREY BROWN*

16

     I am readily familiar with the firm's practice of collection and processing correspondence for

17

mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

     I declare under penalty of perjury under the laws of the State of California that the above is true

20

and correct.

21

     Executed on **August 17, 2022**, at Los Angeles, California.

22

_____
Dana M. Hass

23

24

25

26

27

28

1

86085856v.1



## eFiling

| | |
|---|---|
| eFiling ID | 130948 |
| Status Information | Received |
| Court Division Information | Superior Court of California, County of Orange - Civil - Unlimited North Justice Center |
| Client/Matter Information | LA302513 |
| Case Name | Brown vs. Lowe's Home Centers, LLC |
| Case Number | 30-2022-01271057-CU-WT-NJC |
| Sealed | No |
| Special Instructions | |
| Court Transaction Number | 41373132 |
| Filed | |
| Initial Reason | |
| Complex Litigation | No |
| Message | This Electronic Filing has been received by the Court and has passed technical validations. |
| eFiling Step Information | Confirm Submission |
| eFiling Step Modified | 8/17/2022 12:00:39 PM |
| New | No |
| Jurisdictional Amount | |
| Created | 8/17/2022 11:57:29 AM |
| Modified | 8/17/2022 12:00:39 PM |

## Parties

| ID | Full Name | Organization Name | Bar Number | Filer | Party Type | Role Type |
|---|---|---|---|---|---|---|
| 1700793 | Jeffrey Brown | | | False | Person | Plaintiff |
| 1700794 | | Brock & Gonzales, LLP | | False | Organization | Attorney |
| 1700796 | | Lowe's Home Centers, LLC | | True | Organization | Defendant |

## Documents

| Open | ID | Type | Name | Description | File Size | Attachment Type |
|---|---|---|---|---|---|---|
| 📁 | 227141 | Answer to Complaint | Answer to Complaint | First Papers | 348140 | Lead Document |

EXHIBIT 2 - Page 14

### eService Recipients

| Name | Email | Status | Served | Retrieved |
|------|-------|--------|--------|-----------|
| No records to display. | | | | |

### eCopy Recipients

| Name | Email | Status | Served | Retrieved |
|------|-------|--------|--------|-----------|
| No records to display. | | | | |

### Payment receipts

| Open | ID | Response ID | Name |
|------|-----|-------------|------|
| No records to display. | | | |

### Fees

| ID | Name | Value | Cost | Purged |
|-----|------|-------|------|--------|
| 254 | 195 - Answer or other 1st paper | 134 | $435.00 | False |

### Transactions & Payments

| Order ID | Transaction Type | Status | Amount | First Name | Last Name | Date Created |
|----------|------------------|--------|--------|------------|-----------|--------------|
| 2BC25C49861E4C5E9C6F915C732B135F | Authorization | Approved | $435.00 | OC | Efile | 8/17/2022 11:55:37 AM |

Copyright © 2022 Nationwide Legal, LLC. All rights reserved.